IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIE DAVIS,

    Petitioner,

v.      CIVIL ACTION NO.:CV506-088

DONALD BARROW, Warden,
and ATTORNEY GENERAL OF
STATE OF GEORGIA,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willie Davis ("Davis"), an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Coffee County. Respondent filed an Answer-Response and a Motion to Dismiss. Davis has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Davis was convicted, after a jury trial, in the Coffee County Superior Court of one count of aggravated assault on May 20, 1998. Davis was sentenced to 20 years' imprisonment, to serve 18 years with the balance to be served on probation, on the same day. Davis filed a direct appeal with the Georgia Court of Appeals, and that court affirmed Davis' conviction and sentence on September 19, 2002. Davis v. State, 257 Ga. App. 500, 571 S.E.2d 497 (2002). Davis filed a state habeas corpus petition in the

AO 72A
(Rev. 8/82)

Coffee County Superior Court on May 3, 2004. After an evidentiary hearing on April 20, 2005, Coffee County Superior Court Judge Clarence Blount denied Davis' petition by order dated June 15, 2005. (Resp't's Exs. 1-3.) The Georgia Supreme Court denied Davis' application for a certificate of probable cause to appeal the denial of his state habeas corpus petition on September 18, 2006. (Resp't's Ex. 4.) Davis filed the instant petition on October 10, 2006. Respondent asserts that Davis' petition was untimely filed and should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Davis' conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A);

Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Davis was found guilty after a jury trial in the Coffee County Superior Court on May 20, 1998. Davis filed a direct appeal, and the Georgia Court of Appeals affirmed his conviction and sentence on September 19, 2002. Davis had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Davis filed neither of these pleadings. Thus, his conviction became final on or about September 30, 2002. Ga. Ct. App. R. 37 (b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed).

Davis did not file the instant petition until October 10, 2006, which is more than eight (8) years after a jury found him guilty in the Coffee County Superior Court. Davis did not file a state habeas corpus petition until May 3, 2004, almost six (6) years after he was convicted. The applicable statue of limitations period is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, this statutory provision is not applicable to the case *sub judice* because Davis' statute of limitations expired before he even filed his state habeas corpus petition.[1] Davis' federal habeas petition was filed outside of the one year statute of limitations

---

[1] The undersigned notes Davis' contention in his Response to the Motion to Dismiss that his motion for a new trial was pending in the state trial court until November 25, 2003. (Doc. No. 20, p. 2.) Plaintiff ostensibly contends the statute of limitations period was tolled during the pendency of this motion, and accordingly, the instant petition was timely filed. However, Davis' seeming contention is belied by his assertion that he filed a motion for a new trial with the Coffee County Superior Court, which was denied on January 29, 2002. (Doc. No. 1, p. 3.)

period available under 28 U.S.C. § 2244(d)(1). Accordingly, Davis is not entitled to his requested relief.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 13) be **GRANTED**. Davis' petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 7th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE