IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIE DAVIS,

    Petitioner,

v.                               CIVIL ACTION NO.:CV506-088

DONALD BARROW, Warden,
and ATTORNEY GENERAL OF
STATE OF GEORGIA,

    Respondents.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections, as supplemented, have been filed. Davis has also filed a Motion to Amend his petition to add a claim for ineffective assistance of appellate counsel. Upon review, Davis' Motion to Amend his petition (Doc. No. 28) is **DISMISSED**.

In his Objections, Davis asserts the trial court did not rule on his motion for reconsideration until November 25, 2003. Davis also asserts he filed an appeal of the denial of this motion, and the Georgia Court of Appeals dismissed his appeal because he did not seek permission to file a second direct appeal. (Doc. No. 25, p. 4; Doc. No. 26, p. 5.) Davis alleges he could not file a petition for writ of habeas corpus at the state level until the trial court ruled on his motion for reconsideration. Davis contends he filed the instant petition within the time limits set forth by 28 U.S.C. § 2263.

AO 72A
(Rev. 8/82)

Section 2263 applies to petitions for writ of habeas corpus in capital cases. Because Davis is not facing the death penalty, this statute is inapplicable to the instant petition. Davis asserts he could not file a petition for writ of habeas corpus at the state level until the trial court entered an order on his motion for reconsideration. It is irrelevant that the trial court did not rule on Davis' motion for reconsideration until November 25, 2003. Davis previously filed a notice of appeal with the Georgia Court of Appeals, and that court affirmed his conviction and sentence on September 19, 2002. As discussed by the Magistrate Judge, because Davis did not seek any further review of his conviction or sentence at that time, Davis' conviction became final on September 30, 2002. (Doc. No. 21, p. 3.) In fact, Davis recognizes that his conviction became final on September 19, 2002. (Doc. No. 25, p. 4.) Although Davis' conviction did not become final for statute of limitations purposes until September 30, 2002, Davis' admission reveals his acknowledgement that his conviction became final well before the trial court denied his motion for reconsideration.

Davis' Objections are without merit. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Davis' petition, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**. The Clerk is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 14th day of May, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

2